No. 32,982

THE PHOENIX MUTUAL LIFE INSURANCE COMPANY, *Appellee,* v. C. C. ABY, a Single Man, *Defendant;* J. C. ELVIN, *Appellant.*

(64 P. 2d 21)

Opinion denying rehearing filed January 23, 1937. (For original opinion of reversal see 144 Kan. 544, 61 P. 2d 915.)

*Samuel Griffin* and *Orville Mills, Jr.,* both of Medicine Lodge, for the appellant.

*Donald Muir,* of Anthony, and *J. Raymond Eggleston,* of Medicine Lodge, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The petition of the appellee for a rehearing on the decision rendered in the above-entitled case on November 7, 1936, reversing the ruling of the trial court because of erroneous understanding of the facts with reference to the validity of a sheriff's sale of real estate under a mortgage foreclosure, where the last publication notice of the sale was entirely omitted, and the sale was by this court held to be invalid and the confirmation was set aside under subdivision 3 of R. S. 60-3007, cites five cases which apparently indicate that the decision in this case is out of harmony with those former decisions of this court, and for that reason special consideration is now given to each of those former decisions.

One of them was where the foreclosure judgment entirely omitted any reference to the feature of equity of redemption, but it was fully cared for in the confirmation of sale but not to the entire satisfaction of the appellant, and it was there held not to be an irregularity or erroneous judgment.

Another case was where the petition in two separate counts sought to foreclose two separate mortgages given by the same party for different amounts and on separate tracts of adjoining land, and the journal entry of judgment showed one judgment for the total

amount and a lien on both tracts as one body of land, and it was there held not to be an irregularity such as was contemplated under the provisions of the above-named statute.

Two other cases are shown to have been collateral attacks upon the judgment rendered which makes those rulings inapplicable to the situation in the case at bar.

In the other case it is stated that the judgment could not be vacated or set aside for the errors of which complaint was made, "except in accordance with the civil code," and the opinion names such remedy as being under section 596, which is R. S. 60-3007.

These decisions, under the special circumstances and conditions as above enumerated, do not justify or authorize a different ruling in the case at bar from that heretofore rendered.

The petition for a rehearing is therefore denied.